(115 So. 73)

**REMINGTON TYPEWRITER CO. v. HALL.**
(6 Div. 225.)

Court of Appeals of Alabama. Nov. 1, 1927.

Rehearing Denied Dec. 13, 1927.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Barber & Barber, of Birmingham, for appellee.

RICE, J. Appellee, who resided in Birmingham, Ala., received a telegram from Jacksonville, Fla., from a duly authorized agent of appellant, containing the following offer of employment:

"If you are willing to go to Miami and take charge of our service there we will pay you $165.00 per month with an extra living allowance of $30.00 per month for the winter, that is, up until May 1st."

This offer was communicated to appellee on October 24, 1925, after a few inconsequential preliminaries, was duly accepted by him, and he reported for work, and began working on November 2 or November 4, 1925. We agree with the trial judge, and so hold, that the above offer and its acceptance constituted a contract to employ appellee up until May, 1926.

Appellant's state manager for the state of Florida, whose headquarters were at Jacksonville, directed appellee, when he reported to said state manager at that point, to proceed to Miami and to report to one Mr. Farrell, appellant's Miami manager, and act under his instructions. After working for some time, appellee returned to Birmingham, for the purpose, as he states, of bringing his wife to Miami. According to his testimony, a jury could have found that he had Mr. Farrell's permission to make this trip. But, be that as it may, and conceding or denying that Mr. Farrell had the authority to grant him a leave of absence, the evidence shows that, while he was away on this trip, which consumed approximately 8 days, appellant's state manager, upon learning of appellee's absence from his post of duty, wired appellee unconditionally to return at once, and that appellee did so return, only to find upon his arrival in Miami a letter from appellant's state manager discharging him. This suit by appellee for his wages under his contract of employment resulted. The case, in all its material phases, hinged in the court below, and hinges here, upon the construction of appellee's contract of employment as above outlined. Every disputed question of fact was properly submitted to the jury under correct instructions as to the law. Under the view we take as to the meaning of the contract, we find no error to have been committed by the trial court. If it be said that appellee first breached the contract by absenting himself from his post of duty without the permission of an authorized agent of appellant; a fact which finds material conflict in the evidence, it appears that his action was assented to, or waived, by appellant's state manager, by wiring appellee, unconditionally, to return at once, which appellee did.

Appellant complains at the form in which the general affirmative charge was given for appellee as to the third count of the complaint which claimed the amount of wages due appellee up to the time of his discharge by appellant. However, there was no dispute in the evidence as to this amount being due appellee. In fact, as we read the record, it was admitted by appellant to be due appellee. So no harm could have resulted from the giving of this charge.

The trial seems to us to have been had under correct rulings as to the law, and the judgment is affirmed.

Affirmed.